### In the United States District Court for the District of Montana

| | | |
|---|---|---|
| Zane Grey, | ) | |
|   A Citizen of Montana, | ) | |
|         Plaintiff. | ) | Case No. CV 22-82-M-BMM |
| vs. | ) | |
| Christi Jacobsen, as the MONTANA | ) | Complaint under *Title 42 USC §§* |
|   SECRETARY OF STATE; | ) | *1983, 1985(3),1988(a) et seq.* |
| Christi Jacobsen, in her personal | ) | |
|   capacity; | ) | Jury Trial - Yes |
| Nicole Scribner, as the SANDERS | ) | |
|   COUNTY ELECTIONS | ) | |
|   DIRECTOR; | ) | |
| Nicole Scribner in her personal | ) | |
|   capacity; | ) | |
| Election Systems & Software, LLC | ) | |
|   (ES&S), | ) | |
|         Defendants. | ) | |

I, Zane Grey, Plaintiff, by these presents, bring this Civil Action under U.S.C. Title 42 §§ 1983, 1985(3) and 1988 (a), *et seq.* for the conspiracy to deprive, and deprivation of, Plaintiff's 14th Amendment secured: right to equal protection of the law, right to vote and right to representation; which deprivation was caused by the Defendants' participation is said conspiracy and thus, the Montana Secretary of State's color of law certification of ES&S election systems, along with Sander's County's use of the same, which use allows for third party changes on/tampering with ballots after they are cast by voters; in support of which Plaintiff presents the following:

**Jurisdiction:**

1.  Plaintiff invokes this court's jurisdiction according to the First Article of Amendment of the Constitution of the United States and through it brings this action under and by virtue of Title 42 U.S.C. § 1983, 1985(3) and 1988 (a).

2.  Plaintiff further invokes this court's jurisdiction over the subject matter of this case according to Article III, § 2 of the Constitution of the United States, and according to Title 28 U.S.C. § 1331 and 1343(a)(3)(4) in accord with the Tenth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871.

3.  Jurisdiction in this civil matter is conferred upon this court for the protection of the civil rights of all persons in the State of Montana; and, for their vindication, see 42 USC, §1988(a).

4.  At all times relevant, the causes of action were committed within the geographical purview jurisdiction of this court.

5.  All of the events complained of herein occurred within two years of the date of filing of this complaint.

6.  This complaint raises a constitutional question regarding the actions of the State of Montana and its agents, therefor: this court is the proper court to hear this Complaint. "*It is the duty of the courts to be watchful for the constitutionally secured rights of the citizen, and against any stealthy encroachments thereon.*"

*Boyd vs. United States, 116 US 616 (1886)*

7.  The dissenting opinion of Justice Black (joined by Justices Douglas and Murphy, then separately by Justice Rutledge), in *Colegrove vs. Green,* 328 U.S. 549, 568 (1946), held that voters who allege facts showing disadvantage to themselves as individuals have standing to sue.  Said dissenting opinion was not made in contest to the opinion of the Court; rather, it suggested that if the case had been pled under U.S.C. Title 42 § 1983 the plaintiffs would have had standing to sue.  Several cases decided after *Colgrove vs. Green* recognized the standing of the voters to bring such actions; *Baker vs Carr* 369 US 186, 202 (1962)*; Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)*, F.E.C. v. Akins,* 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998), *Levine v. Vilsack,* 587 F.3d 986, 991 (9th Cir.2009), *Lance vs. Coffman 549 US,437 (2007) (@1198), Shaw v. Reno, 509 U. S. 630 (1993).*

8.  A citizens' right to vote free of arbitrary impairment by State action has been judicially recognized as a right secured by the Constitution, *United States vs. Classic, 313 US 299*.

9.  "We turn, then, to an examination of the meaning of § 1985 (3). On their face, the words of the statute fully encompass the conduct of private persons. And since the "going in disguise" aspect must include private action, it is hard to see how the conspiracy aspect, joined by a disjunctive, could be read to require the involvement of state officers". *Griffin vs. Breckenridge* 403 US 88 (1971).

10."Congress certainly has the power to create a federal cause of action in favor of persons injured by private individuals through the abridgment of federally

created constitutionally protected rights. It seems to me that Congress has done just this in [§ 1985 (3)]. *Collins v. Hardyman*, 341 U. S. 651.

11.“The short of it is that the Constitution has conferred upon Congress exclusive authority to secure fair representation by the States in the popular House and left to that House determination whether States have fulfilled their responsibility. If Congress failed in exercising its powers, whereby standards of fairness are offended, the remedy ultimately lies with the people.” *Colegrove v. Green*, 328 US 554.

## Parties:

1. Plaintiff: Zane Grey, a Citizen of Montana.

    a. Mailing location: c/o P.O. Box 1550
                                          Noxon, Montana [59853]

2. Defendant Christi Jacobsen, Secretary of State:

    a. Mailing location:  Montana Capitol Building,
                                       1301 East 6ᵗʰ Street, Room 260, (P.O. Box 202801)
                                       Helena, Montana 59601

    b. Defendant is being sued in her official capacity.

3. Defendant Christi Jacobsen is also being sued in her personal capacity.

4. Defendant Nicole Scribner, Sanders County Elections Director:

    a. Mailing location: 1111 Main Street, (P.O. Box 519)
                                          Thompson Falls, Montana 59873

    b. Defendant is being sued in her official capacity.

5. Defendant Nicole Scribner is also being sued in her personal capacity.

6. Defendant Election Systems & Software, LLC (ES&S): a Delaware

    corporation headquartered in Nebraska.

    Mailing location: 11208 John Galt Blvd. Omaha, NE 68137

**Controlling State Law:**

1.  A voting system may not be used for any election in this State unless the system is approved by the Secretary of State, MCA 13-17-101.

2.  The Secretary of State adopts rules specifying the procedures to be uniformly applied in elections conducted with the voting system, including "security measures" necessary to secure the voting system before, during, and after an election, MCA 13 -17-211.

3.  A voting system may not be approved under MCA 13 -17-101 (2) (a) unless the voting system complies with the requirements of MCA 13-17-103.

4.  The Secretary of State may not certify an election system that is not protected from tampering of the votes, MCA 13-17-103(g)

5.  The Sanders County Elections administrator is responsible for the security of the votes cast in Sanders County, MCA 13-15-305.

6.  The constitution of the State of Montana in its *Article 2, section 4, and Article 4, section 3* secures the equal protection of law, the right to vote and the right to representation for all citizens.

**Material Facts:**

1.  The right to vote includes the right to abstain from voting and relying on the outcome of a lawfully operated election that secures that every lawful vote is counted as cast and only with other votes so counted as cast.

2.  All voting Montana registered voters cast their votes on paper ballots.

3.  Said ballots, once cast, are scanned by ES&S voting machines.

4.  Per ES&S website, their machines allow "*adjudication*" of votes through their IMR and PTRAC technology.

5.  Adjudication allows third party (election supervisors) alteration of ballots after said ballots are cast in an election.

6.  Said technology does not record who the third-party actors are that are so allowed to alter said ballots.

7.  Regarding adjudication, election records only show ballots were adjudicated.

8.  Election records do not show what changes were made to said adjudicated ballots.

9.  ES&S machines do not indicate why ballots are rejected for adjudication.

10. Said machines' software rejects a high percentage of said cast votes, so scanned, for adjudication.

11. In voting machine software that allows adjudication, election personnel (*said third parties*) are provided with the opportunity of changing virtually anything they have a mind to change on any cast ballot before such ballots are counted in the election.

12. ES&S markets their election equipment to the States; so offering their adjudication of ballots to the States.

13. The Montana Secretary of State, Christi Jacobsen, authorized the use of ES&S voting machines that use said IMR and PTRAC technology.

14. ES&S voting machines software has been repeatedly and exclusively certified by the Secretary of State for use in Montana elections.

15. The Sanders County Elections Director, Nicole Scribner, has repeatedly implemented the use of ES&S machines, in Sanders County, as certified for use by said Secretary of State.

## Argument

1. Defendant ES&S designed, built and patented their election systems, which incorporate adjudication of cast ballots, then offered/marketed those systems to the States.

2. Defendant Jacobsen, Secretary of State, acting as an agent of the State of Montana, knew or should have known ES&S election systems provide a way of tampering with cast ballots through adjudication.

3. As Secretary of State, Defendant Jacobsen contracted with ES&S to purchase and certify said systems into Montana elections.

4. Defendant Scribner, County Elections Administrator, acting as agent of the State of Montana, knew or should have known ES&S election systems provide a way of tampering with cast ballots through adjudication.

5.  As County Elections Administrator, Defendant Scribner implemented said systems into Sanders County elections.

6.  Defendants' failure to keep a record of: which ballots were adjudicated, what was changed on adjudicated ballots, or who made the changes made by adjudication removes from Plaintiff, or any other Montana voter, any reasonable expectation that their vote was counted as cast and only with other votes so counted as cast.

7.  Thus, the Plaintiff, and all other Montana voters, are denied their rights to: vote, equal protection of the law and representation.

8.  Defendant Secretary has recently, this year (January, 2022), certified the ES&S DS 950 scanner/tabulator for use in Montana elections as well, which also offers manual adjudication of cast ballots, in furtherance of the violations of Plaintiff's rights as complained of herein.

9.  By ignoring the Montana Code Annotated and Constitutional protections that protect Plaintiff's rights from said trespasses Defendants have wantonly violated Plaintiff's rights as complained of herein.

**Cause of Action I:**

1.  Material Facts 1-12 included here as if fully reproduced.

2.  Whereas, because voters were not present to review the third-party changes to their cast ballots, said voters right to equal protection of the law and their right

to vote was violated by the Secretary of State's authorization of election systems that allow adjudication of ballots.

3.  Whereas, because the election records have not been preserved to indicate **who changed the ballots** that were adjudicated the voters right to equal protection of the law and their right to vote was violated by the Secretary of State's authorization of election systems that allow adjudication of ballots.

4.  Whereas, because the election records have not been preserved to indicate **whose ballots were adjudicated** the voters right to equal protection of law, the right to vote and the right to representation was violated by the Secretary of State's authorization of election systems that allow adjudication of ballots.

5.  Whereas, because the election records have not been preserved to indicate **what changes were made** on those adjudicated ballots the voters right to equal protection of the law, the right to vote and the right to representation was violated by the Secretary of State's authorization of election systems that allow adjudication of ballots.

6.  The Secretary of State, under color of law, at MCA Title 13, *ibid, et seq.* certified voting machines that allow ballots to be changed by third - parties, which make it impossible for any voter in the State to have a reasonable expectation that their vote was counted as cast and only with other votes so counted as cast.

7.  Wherefore, the certification of election systems by the Secretary of State that

allow adjudication of cast ballots denies every voter in the State of equal protection
of the law, the right to vote and the right to representation.

8.  Whereas Plaintiff's right to a secure vote as well as Plaintiff's constitutional
guarantee to equal protection of the law has been abridged due to the Secretary of
State's certification of election systems that allow adjudication of cast ballots.

9.  Wherefore, in accord with: U.S.C. Title 42 § 1983, the Secretary of State is
directly responsible for the deprivation of Plaintiff's constitutionally secured right
to equal protection of the law, the right to vote and the right to representation.

10. Therefore, the Secretary of State is liable, in this action, to Plaintiff for said
deprivation.

11. Accordingly, plaintiff invokes U.S.C. Title 42 § 1983, *et seq.*, to redress the
deprivations of constitutionally secured rights, referenced at least in the 14th
Amendment, which deprivation was caused by the Secretary of State due to
repeated certification of election systems that allow tampering with/changing the
votes after they are cast in elections.

12. Therefore, this court should grant the relief requested below as it relates to
this Cause of Action I.

### Cause of Action II:

1.  Cause of Action I, paragraphs 1-12, included here as if fully reproduced.

2.  Christi Jacobsen, in her personal capacity, while serving as the STATE OF

MONTANA Secretary of State, knew or should have known that authorizing

voting machines that allow adjudication of the votes (as shown above) directly

violates the voters' right to equal protection of the law, the right to vote and the

right to representation.

3.   However, Christi Jacobsen also knew or should have known that certifying

voting machines that allow adjudication violates MCA 13 -17-211 by failing to

adopt rules necessary to secure the voting system during an election.

4.   Further, Christi Jacobsen also knew or should have known that certifying

voting machines that so allow adjudication violates MCA 13 -17-101 by certifying

an election system that does not comply with the requirements of MCA 13-17-103.

5.   Further, Christi Jacobsen also knew or should have known that certifying

voting machines that so allow adjudication violates MCA 13 -17-103(g). by

approving a voting system which does not protect from tampering of the votes.

6.   Under color of law, MCA Title 13, *et seq., Ibid,* Christi Jacobsen, deprived

Plaintiff of Plaintiff's right to equal protection of the law and the right to vote by

certifying voting machines that allow third party adjudication of cast ballots and

thus remove from Plaintiff any reasonable expectation that Plaintiff's votes, would

be counted as cast and only with other votes so counted as cast.

7.   Whereas Christi Jacobsen knew or should have known that certifying voting

machines that did not preserve a record indicating **what changes were made** on

adjudicated ballots would deprive voters of equal protection of law, the right to vote and the right to representation.

8.  Whereas Christi Jacobsen knew or should have known that certifying voting machines that did not preserve a record indicating **whose ballots were adjudicated** would deprive voters of equal protection of law, the right to vote and the right to representation.

9.  Whereas Christi Jacobsen knew or should have known that certifying voting machines that did not preserve a record indicating **who changed the ballots** that were adjudicated would deprive voters of equal protection of law, the right to vote and the right to representation.

10. Accordingly, U.S.C. Title 42 § 1983, applies as a cause of action against Defendant Christi Jacobsen, in her personal capacity while serving as the Secretary of State, for the deprivations of constitutionally secured rights, referenced at least in the 14th Amendment, which deprivation was caused by said Defendant's using said office to certify election systems said Defendant knew or should have known did not comply with State law and would allow tampering with the cast ballots in elections.

11. Wherefore, in accord with: U.S.C. Title 42 § 1983, Christi Jacobsen, in her personal capacity, while serving as Secretary of State, is directly responsible for the deprivation of Plaintiff's constitutionally secured right to equal protection of

the law, the right to vote and the right to representation.

12.Therefore, Christi Jacobsen is personally liable, in this action, to Plaintiff for said deprivations.

13.Therefore, this court should grant the relief requested below as it relates to this Cause of Action II.

**Cause of Action III:**

1.  Material Facts 1-10 &13 included here as if fully reproduced.

2.  Whereas voters were not present to review the third-party changes to their cast ballots, said voters right to equal protection of the law, the right to vote and the right to representation was violated due to the implementation of election systems that so allow adjudication of ballots by the Sanders County Elections Director.

3.  Whereas the election records have not been preserved to indicate **who changed the ballots** that were adjudicated the voters right to equal protection of the law, the right to vote and the right to representation was violated by the Sanders County Elections Director's implementation of election systems that so allow adjudication of ballots.

4.  Whereas the election records have not been preserved to indicate **whose ballots were adjudicated** the voters right to equal protection of law, the right to vote and the right to representation was violated by the Sanders County Elections

Director's implementation of election systems that so allow adjudication of ballots.

5.  Whereas the election records have not been preserved to indicate **what changes were made** on those adjudicated ballots the voters right to equal protection of the law, the right to vote and the right to representation was violated by the Sanders County Elections Director's implementation of election systems that so allow adjudication of ballots.

6.  The Sanders County Elections Director, under color of law, at MCA Title 13, *ibid, et seq.* authorized voting machines that allow ballots to be changed by third parties; which makes it impossible for any voter in the State to have a reasonable expectation that their vote was counted as cast and only with other votes so counted as cast.

7.  Wherefore, the implementation of election systems by the Sanders County Elections Director that allow adjudication of cast ballots denies every voter in the State of equal protection of the law, the right to vote and the right to representation.

8.  Whereas Plaintiff's right to a secure vote as well as Plaintiff's constitutional guarantees to equal protection of the law has been abridged by the Sanders County Elections Director's implementation of election systems that allow adjudication of cast ballots.

9.  Wherefore, in accord with: U.S.C. Title 43 § 1983, the Sanders County Elections Director is directly responsible for the deprivation of Plaintiff's

constitutionally secured: right to equal protection of the law, the right to vote and the right to representation.

10. Therefore, the Sanders County Elections Director is liable, in this action, to Plaintiff for said deprivation.

11. Accordingly, plaintiff invokes U.S.C. Title 42 § 1983, *et seq.*, to redress the deprivations of constitutionally secured rights, referenced at least in the 14th Amendment, which deprivation was caused by the Sanders County Elections Director due to repeated implementation of election systems that allow tampering with the ballots after they are cast in elections.

12. Therefore, this court should grant the relief requested below as it relates to this Cause of Action III.

### Cause of Action IV:

1. Cause of Action III, paragraphs 1-12 included here as if fully reproduced.

2. Nicole Scribner, in her personal capacity, while serving as the Sanders County Elections Director, knew or should have known that adjudication of the votes directly violates the voters' right to equal protection of the law, the right to vote and the right to representation.

3. However, Nicole Scribner also knew or should have known that implementing voting machines that allow adjudication violates MCA 13 -17-211 by failing to adopt rules necessary to secure the voting system during an election.

4.  Further, Nicole Scribner also knew or should have known that implementing voting machines that so allow adjudication violates MCA 13 -17-101 by implementing an election system that does not comply with the requirements of MCA 13-17-103.

5.  Further, Nicole Scribner also knew or should have known that implementing voting machines that so allow adjudication violates MCA 13 -17-103(g) by approving a voting system which does not protect from tampering of cast ballots.

6.  Under color of law, MCA Title 13, *et seq., Ibid,* Nicole Scribner, deprived Plaintiff of Plaintiff's right to equal protection of the law, the right to vote and the right to representation by implementing voting machines that allow adjudication of cast ballots and thus removed from Plaintiff any reasonable expectation that Plaintiff's vote was counted as cast and only with other votes so counted as cast.

7.  Whereas Nicole Scribner knew or should have known that implementing voting machines that did not preserve a record indicating **what changes were made** on adjudicated ballots would deprive voters of equal protection of law, the right to vote and the right to representation.

8.  Whereas Nicole Scribner knew or should have known that implementing voting machines that did not preserve a record indicating **whose ballots were adjudicated** would deprive voters of equal protection of law, the right to vote and the right to representation.

9.  Whereas Nicole Scribner knew or should have known that implementing voting machines that did not preserve a record indicating **who changed the ballots** that were adjudicated would deprive voters of equal protection of law, the right to vote and the right to representation.

10. Whereas, Nicole Scribner, acting as Sanders County Elections Administrator, is responsible for the security of the ballots cast by voters in Sanders County at MCA 13-15-305.

11. Accordingly, U.S.C. Title 42 § 1983, applies as a cause of action against Defendant Nicole Scribner in her personal capacity, while serving as the Sanders County Elections Director, for the deprivation of constitutionally secured rights, referenced at least in the 14th Amendment, which deprivation was caused by said Defendant's using said office to implement election systems said Defendant knew or should have known did not comply with State law and would allow tampering with the cast ballots in elections.

12. Wherefore, in accord with: U.S.C. Title 42 § 1983, Nicole Scribner, in her personal capacity, while serving as Sanders County Elections Director, is directly responsible for the deprivation of Plaintiff's constitutionally secured right to equal protection of the law, the right to vote, the right to representation.

13. Therefore, Nicole Scribner is personally liable, in this action, to Plaintiff, for said deprivation.

14. Therefore, this court should grant the relief requested below as it relates to this Cause of Action IV.

## Cause of Action V:

1. Causes of Action I, II, III and IV are included here as if fully reproduced.

2. ES&S incorporated adjudication in the software of their election systems knowing that it would allow tampering with cast ballots which would violate U.S. and State election laws.

3. Whereas, the concept of adjudication, that is: the concept that government supervisors can change or create cast ballots, negates any illusion of the existence of an actual election.

4. All who are involved in elections which allow adjudication must stare in wide wonder at what those responsible for securing the vote must have been thinking when they allowed adjudication of ballots.

5. Therefore, the mere concept that the Secretary of State would certify any voting system that allows adjudication of ballots cast in elections makes reason stare; and,

6. The mere concept that any County Elections Director would allow implementation of any such voting system also makes reason stare!

7. Defendant ES&S marketed said equipment to the State of Montana and its agents via its website, etc.

8.  Given that such a system could not have been foisted upon the voters unless the Secretary of State, the County Elections Administrators of each county, and others had not only failed to secure the election (as they are required to do by law) but conspired to deny or abridge the right of the people to vote.

9.  Allowing anyone other than lawfully registered voters to cast ballots in an election or change anything on a ballot, once cast, as is allowed in the adjudication of cast ballots, clearly violates the 14th Amendment secured rights to: equal protection of the law, the right to vote and the right to representation.

10. Election systems that incorporate adjudication or other means of tampering with votes are not lawful and simply cannot be allowed.

11. Defendants knew or should have known that adjudication constitutes blatant tampering with cast ballots.

12. When ES&S offered election systems that incorporated adjudication to the Secretary of State for use in Montana elections, they opened the door for their conspiracy to deprive the voters of equal protection of law, the right to vote and the right to representation.

13. Therefore, when the Montana Secretary of State certified election systems that provide for tampering with cast ballots and passed those systems on to the County Election Directors, they all participated in the conspiracy initiated by ES&S to violate the peoples' 14th Amendment secured rights to equal protection of

the law, the right to vote and the right to representation.

14.Therefore, when the Sanders County Elections Director implemented said election systems for use in elections, the Director entered said conspiracy to violate the peoples' 14th Amendment secured rights to equal protection of the law, the right to vote and the right to representation.

15.Election systems that incorporate adjudication or other means of tampering with votes into the software of voting machines being implemented into Sanders County elections by the Sanders County Elections Director simply cannot be allowed.

16.Defendants' Oaths of Office require that they safeguard every voter's secured right to equal protection of the law, right to vote and right to representation referenced at least in the 14th Amendment.

17.Montana Code Annotated (referenced above), which governs elections in Montana, requires that Defendants only certify/implement election systems which secure every Montana voter's ballot from tampering.

18.If those officers had followed the responsibilities associated with their offices and the laws that govern them, such adjudication software could not have been implemented in Montana elections.

19.If that responsibility is ignored in favor of violating those requirements said Defendants must be held accountable for that trespass and their conspiracy to

trespass.

20. Whereas, Christi Jacobsen, acting as Secretary of State, knew or should have known that certifying voting machines that allow cast ballots to be tampered with (via adjudication) would deny or abridge the constitutionally secured right to equal protection of the law, the right to vote and the right to representation.

21. Whereas, Nicole Scribner, acting as Sanders County Elections Director, knew or should have known that implementing voting machines that allow cast ballots to be tampered with would deny or abridge the constitutionally secured right to equal protection of the law, the right to vote and the right to representation.

22. Every line of defense provided by law and depended on for protection of Plaintiff's right to vote is jeopardized in the conspiracy by Defendants to deprive/abridge Plaintiff's rights mentioned herein.

23. Though each of the Defendants were independently responsible for denying and/or abridging Plaintiff's constitutionally secured right to equal protection of the law, the right to vote and the right to representation (as shown in Causes I–IV) none of the defendants could have possibly completed that denial/abridgment without the assistance of their co-conspirators.

24. Though such a conspiracy cannot be limited to the defendants listed in this case alone, said defendants remain liable, under Title 42 § 1985 *et seq*., to Plaintiff for their wanton disregard for Plaintiff's rights.

25. Therefore, defendants' disregard for election laws related to securing Montana elections, and the votes cast therein, from tampering is the direct or proximate cause of the deprivations of Plaintiff's rights.

26. The repeated implementation of ES&S voting machines that so allow adjudication into Sanders County elections by the Sanders County Elections Director, Nicole Scribner implies a conspiracy with the Secretary of State and ES&S, under USC Title 42 § 1985(3).

27. The violation of Plaintiff's constitutionally secured rights to: representation, vote and equal protection of the law would not have been possible without each of the defendants' participation in said conspiracy.

28. Therefore, this court should grant the relief requested below as it relates to this Cause of Action V.

### Request for Relief:

1.  Regarding Cause of Action I, Plaintiff requests this Court issue an Order to compel the Montana Secretary of State to cease and desist from certifying the use of any voting machines that allow adjudication of cast votes.

2.  Regarding Cause of Action I, Plaintiff requests this Court issue an Order to compel Secretary of State to decertify the ES&S election systems and replace them with secure systems according to the above referenced codes.

3.  Regarding Cause of Action II, Plaintiff requests this Court issue an Order

granting Plaintiff compensatory and punitive damages for the deprivation of Plaintiff's rights caused by Christi Jacobsen's actions while acting as the Montana Secretary of State.

4. Regarding Cause of Action III, Plaintiff requests this Court issue an Order to compel the Sanders County Elections Director to cease and desist from the County's use of any voting machines that allow adjudication.

5. Regarding Cause of Action III, Plaintiff requests this Court issue an Order to compel the Sanders County Elections Director to remove all ES&S election systems that allow adjudication of ballots and replace them with secure systems according to the above referenced codes.

6. Regarding Cause of Action IV, Plaintiff requests this Court issue an Order granting Plaintiff compensatory and punitive damages for the deprivation of Plaintiff's rights caused by Nicole Scribner, acting as the Sanders County Elections Director.

7. Regarding Cause of Action V, Plaintiff requests this court issue a Declaratory Judgment that the defendants did conspire to deprive voters, including Plaintiff, of the constitutionally secured right to equal protection of the law, the right to vote and the right to representation.

8. Regarding Cause of Action V, Plaintiff requests this court issue an Order granting Plaintiff such compensatory and punitive damages as the court deems

appropriate for relief from Christi Jacobsen's part in the conspiracy to deprive Plaintiff of Plaintiff's rights to: representation, vote and equal protection of the law.

9.  Regarding Cause of Action V, Plaintiff requests this court issue an Order granting Plaintiff such compensatory and punitive damages as the court deems appropriate for relief from Nicole Scribner's part in the conspiracy to deprive Plaintiff of Plaintiff's rights to: representation, vote and equal protection of the law.

10. Regarding Cause of Action V, Plaintiff requests this court issue an Order granting compensatory damages against ES&S and order ES&S to reimburse the State of Montana for the cost of the ES&S election systems, the cost of implementation of the same and the cost of removing said election systems.

11. Regarding Cause of Action V, Plaintiff requests this court issue an Order granting Plaintiff punitive damages against ES&S for conspiring to deprive Montana voters, including Plaintiff, of the constitutionally secured rights to: representation, vote and equal protection of the law.  These punitive damages should not only be sufficiently high so as to effectively punish ES&S for their part in the conspiracy but also must be high enough to warn all election system providers against ever attempting to pervert, or interfere with, the people rights to vote in any way.

12.Regarding Cause of Action V, given that if adjudication was used, not one voter could reasonably expect that their vote was counted as cast and only with other votes so counted as cast, Plaintiff requests this Court issue an Order to the Montana Secretary of State to decertify the results of the elections, wherein adjudication was used.

Respectfully submitted by, (s) Zane Grey , on: 7-25-2022