## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ZANE GREY,<br><br>       Plaintiff,<br><br>  vs.<br><br>CHRISTI JACOBSEN, Montana<br>Secretary of State; CHRISTI<br>JACOBSEN (personal capacity);<br>NICOLE SCRIBNER, Sanders County<br>Elections Director; NICOLE<br>SCRIBNER (personal capacity);<br>ELECTION SYSTEMS &<br>SOFTWARE, LLC,<br><br>       Defendants. | **CV-22-82-M-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Plaintiff Zane Grey ("Grey") of Sanders County filed suit against the following Defendants: Christi Jacobsen, Montana Secretary of State, in her official and personal capacity ("Secretary Jacobsen"); Nicole Scribner, Sanders County Elections Director, in her official and personal capacity ("Elections Director Scribner"); and Election Systems & Software, LLC ("ES&S") (collectively "Defendants"). (Doc. 1.) Grey alleges that Defendants conspired to deprive him of

his Fourteenth Amendment right to equal protection of the law and the right to vote when Secretary Jacobsen certified ES&S's election systems for use in Montana and Elections Director Scribner implemented the use of ES&S machines in Sanders County. (Doc. 1 at 1; Doc. 33 at 1.)

ES&S moved the Court to dismiss all claims asserted by Grey in the Complaint and Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docs. 7 & 34.) Secretary Jacobsen also moved this Court to dismiss pursuant to Fed R. Civ. P. 12(b)(1). (Docs. 20 & 41.) Grey responded to ES&S's and Secretary Jacobsen's motions to dismiss with motions to strike and motions to deny. (Docs. 43, 51, 51-1, 51-2, 51-3, 51-4.) Grey then requested the Court grant him leave to correct the procedural errors in his filings. (Doc. 43.) ES&S and Secretary Jacobsen oppose Grey's motion. (Docs. 49 & 51.) The Court did not hold a hearing on the motions. For the following reasons, the Court grants ES&S's and Secretary Jacobsen's Motions to Dismiss.

## BACKGROUND

Plaintiff Grey brought this action alleging a conspiracy between Defendants Secretary Jacobsen, Elections Director Scribner, and ES&S to "deprive voters of equal protection of the law, the right to vote, and the right to representation" (Doc. 33 at 19, ¶ 13) in violation of the Fourteenth Amendment and 42 U.S.C. §§ 1983, 1985(3). (Doc. 33 at 19–20, ¶¶ 8–14.

Count V.) In short, Grey alleges that Defendants conspired to tamper with
Montana voter ballots, as well as cover up the conspiracy, by using ES&S
software during the 2020 Election. Grey alleges that the Secretary's
authorization, and the Election Director's use, of ES&S voting machines in
Montana elections provide third parties with "a way of tampering with cast
ballots" (Doc. 33 at 7, ¶ 2). Grey further alleges that no way exists to
determine "who changed the ballots," "whose ballots were adjudicated," and
"what changes were made" because ES&S election system software does not
preserve election records. (Doc. 33 at 9, ¶¶ 3–5.)

In particular, Grey alleges that once a voter casts a ballot in Montana,
ES&S voting machines scan the ballot. (Doc. 1 at 5, ¶ 2.) Grey alleges that
those machines, based on his apparent review of ES&S's website, allow for a
procedure called "adjudication." (*Id*. at 5, ¶ 3.) Adjudication, Grey claims,
allows election supervisors or third parties to alter ballots after they have been
cast. (*Id*. at 5, ¶ 4.) Grey alleges that Secretary Jacobsen authorized the
continued use of ES&S voting machines in the State of Montana, (*Id*. at 5–6,
¶¶ 11–12,) and that Elections Director Scribner in Sanders County repeatedly
has implemented their use. (*Id*. at 6, ¶ 13.)

Counts I-IV of Grey's Amended Complaint state that both Secretary
Jacobsen and Elections Director Scribner deprived Grey of his constitutionally

secured right to equal protection of the law, the right to vote, and the right to representation in violation of 42 U.S.C. § 1983. (Doc. 33 at 10, ¶ 9. Count I); (Doc. 33 at 14, ¶ 9. Count III.) Grey further alleges that Secretary Jacobsen and Elections Director Scribner violated several Montana statutes, including Mont. Code Ann. §§ 13-17-211; -101; -103, by "certifying voting machines that allow adjudication." (Doc. 33 at 11, ¶¶ 3–5. Count II); (Doc. 33 at 15–16, ¶¶ 3–5. Count IV.) Count V alleges that ES&S incorporated adjudication in the election systems software knowing that it would allow tampering with cast ballots in violation of state and federal election laws. (Doc. 33 at 18, ¶ 2. Count V.) Taken altogether, Grey claims that all Defendants engaged in a civil conspiracy to violate Montana voters' rights through the development, authorization, and implementation of the ES&S election systems software. (Doc. 33 at 19–20, ¶¶ 8–14. Count V.) Grey filed no evidence, affidavits, or supplemental documentation with the Complaint or Amended Complaint.

Grey requests that this Court compel both Secretary Jacobsen and Elections Director Scribner to cease and desist from certifying the use of any voting machines that allow adjudication of cast votes and to decertify the ES&S election system. (Doc. 33 at 22–23, ¶¶ 1–5.) Grey requests that this Court also issue a Declaratory Judgment that Defendants conspired to deprive voters of their constitutionally protected rights. (Doc. 33 at 23, ¶ 7.) Grey seeks

compensatory and punitive damages, initially seeking punitive damages "not less than 5 billion dollars." (Doc. 1 at 21–22 ¶ 11); (Doc. 33 at 22–23, ¶¶ 3, 6, 9–12.)

ES&S moves this Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 34.) ES&S asserts that Grey failed to set forth a plausible claim for relief on his civil conspiracy claim and lacks standing to bring this action. (Doc. 8.) Secretary Jacobsen also moves this Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 41.) Secretary Jacobsen argues that Grey failed to allege a concrete, particularized injury sufficient to establish standing. (Doc. 41.)

## LEGAL STANDARD

A court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim under Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of standing properly may be brought pursuant to Rule 12(b)(1) because standing presents a jurisdictional matter. *Allen v. Wright*, 468 U.S. 737, 750 (1984); *see also Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

A plaintiff has the burden in establishing standing of clearly demonstrating that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). A plaintiff must demonstrate a personal stake in the outcome. This personal stake differs from a "generally available grievance about government." *Baker v. Carr*, 369 U.S. 186, 204 (1962); *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). To establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548 (2016) (*quoting Lujan*, 504 U.S. at 560).

A court must accept all material allegations of the complaint as true and must construe the complaint in favor of the nonmoving party when deciding standing at the pleading stage and for purposes of ruling on a motion to dismiss for lack of standing. *Mecinas v. Hobbs*, 30 F.4th 890, 895-96 (9th Cir. 2022).

## ANALYSIS

Both ES&S and Secretary Jacobsen assert that Grey fails to establish standing sufficient to confer subject matter jurisdiction in this Court because Grey cannot demonstrate that he has suffered an injury in fact. (Docs. 35 & 42.) The Court agrees. Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication. *Allen v. Wright*, 468

U.S. 737, 750 (1984); *see also* Erwin Chemerinsky, *Federal Jurisdiction* § 2.3.1, at 57 (5th ed. 2007). Grey must plead sufficient facts and proof that he has suffered the "'invasion of a legally protected interest' that is 'concrete and particularized,' i.e., which 'affect[s] the plaintiff in a personal and individual way.'" *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018); *see also Friends of the Earth, Inc.*, 528 U.S. at 180.

The elements of standing do not represent mere pleading requirements. They remain an indispensable part of the plaintiff's case. The plaintiff must support each element in the same way as any other matter on which the plaintiff bears the burden of proof. These elements require support with the requisite manner and degree of evidence at the successive stages of the litigation. *Lujan*, 504 U.S. at 561.

Grey must demonstrate a personal stake in the outcome. This personal stake stands distinct from a "generally available grievance about government." *Baker v. Carr*, 369 U.S. 186, 204 (1962); *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). A generalized grievance does not qualify as a particularized injury. As a result, a suit alleging only generalized grievances fails for lack of standing. *Lance,* 549 U.S. at 439–40; *Newdow v. Rio Linda Union Sch. Dist.,* 597 F.3d 1007, 1016 (9th Cir.2010).

Grey's Amended Complaint contains 22 pages of allegations against

7

Defendants. It fails to set forth sufficient factual allegations and supporting

evidence, however, that he has suffered an injury in fact and possesses a

personal stake in the outcome. Grey fails to allege that he is a Montana

resident, much less a registered voter in Montana. He fails to allege even that

he personally voted in the 2020 Election in Montana. Additionally, Grey does

not allege that the purported wrongdoing identified in the Amended Complaint

represents the proximate cause of some specific injury that he allegedly

suffered. For example, he fails to allege that ES&S's purported "adjudication"

actually resulted in a change to his ballot.

Grey's allegations against Defendants mirror recycled claims that courts

across the country have repeatedly rejected following the 2020 Election. Though

not as sophisticated as past efforts to undermine voters' trust in the democratic

process and elections in our country, the case before the Court proves analogous to

similar lawsuits that courts dismissed for lack of standing when plaintiffs'

generalized grievances failed to allege an injury in fact.

The District of Colorado dismissed a complaint brought by various Colorado

residents and voters alleging "a vast conspiracy between . . . various election

officials . . . along with Dominion Voting Systems, Inc.—a private supplier of

election and voting technology [among others]." *O'Rourke v. Dominion Voting Sys.*

*Inc.*, 2021 WL 1662742 (D. Colo. Apr. 28, 2021), *affirmed* 2022 WL 1699425

(10th Cir. 2022). The plaintiffs claimed that "Defendants engaged in concerted action to interfere with the 2020 presidential election through a coordinated effort to, among other things, . . . use unreliable voting machines, alter votes through an illegitimate adjudication process, . . . all prohibited by the Constitution." *See id.* at *1. The district court determined that plaintiffs had alleged only "a generalized grievance" that failed to satisfy the standing requirements. *O'Rourke*, 2022 WL 1699425, at *2 (10th Cir. 2022). The Tenth Circuit affirmed. *Id.*

The Court agrees with the O*'Rourke* analysis: "Federal courts are not constituted as free-wheeling enforcers of the Constitution and laws." *See O'Rourke*, 2021 WL 1662742, at *4. As the United States Supreme Court has often explained, federal courts operate as courts of limited jurisdiction. *See id.* The gravamen of Grey's Amended Complaint, viewed as a whole, presents a "generalized grievance about the operation of government, or about the actions of the Defendants on the operation of government, resulting in abstract harm to all registered voting [Montanans]." *Id*. These types of generalized complaints regarding the operation of our government do not present the kind of controversy justiciable in federal court. *Id.*

Grey alleges injury to generic "voters" in Montana due to the use of "adjudication" on certain ballots cast in elections. Absent a specific allegation that he is registered to vote in Montana, that he voted in the 2020 Election in

9

Montana, and that he personally has been injured by the purported "adjudication" in question, Grey lacks standing. The Court lacks subject matter jurisdiction to hear Grey's conspiracy claims against Defendants.

Here, as in *O'Rourke*, Grey's generalized grievances about ES&S election system software allegedly allowing for "ballot tampering" prove insufficient to grant standing required under Article III of the Constitution. Courts have dismissed numerous other cases challenging the 2020 Election and its surrounding circumstances for precisely this reason. *Id.* at *6; *see Donald J. Trump for President, Inc. v. Boockvar*, 493 F.Supp.3d 331 (W.D. Pa. Oct. 10, 2020) (plaintiffs lacked the "concrete" and "particularized" injury necessary for Article III standing, determining that the "claimed injury of vote dilution caused by possible voter fraud [was] too speculative to be concrete."); *Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993 (D. Nev. 2020) (suit challenging expanded mail-in voting dismissed for lack of standing, finding the claimed injury "impermissibly generalized" and "speculative."); *Bowyer v. Ducey*, 2020 WL 7238261 (D. Ariz. Dec. 9, 2020) (claims under both the Elections Clause and the Equal Protection Clause based on vote dilution were deemed inadequate for lack of Article III standing: "Defendants contend that Plaintiffs do not have standing to assert these claims and point out that these allegations are nothing more than generalized

grievances that any one of the 3.4 million Arizonans who voted could make if they were so allowed."); *Feehan v. Wisconsin Elections Commission*, 2020 WL 7250219 (E. D. Wis. Dec. 9, 2020) (court dismissed the suit for lack of standing because the claimed injury was not particularized when Wisconsin political party nominee to be a Presidential Elector alleged the election was the subject of wide-spread ballot fraud and violated the equal protection and due process clause); *Iowa Voter Alliance v. Black Hawk County*, 2021 WL 276700 (N. D. Iowa Jan. 27, 2021) (court dismissed lawsuit challenging Iowa counties' acceptance of CTCL grants which were intended to assist with the unforeseen costs of conducting an election during the COVID-19 pandemic finding no concrete and particularized injury to their right to vote or to their rights under the Fourteenth and Ninth Amendments).

Grey presents cursory arguments in opposition to Defendants' Motions to Dismiss. Grey fails to cite or distinguish any of the cases that have found lack of standing among voter plaintiffs challenging the 2020 Election.

## CONCLUSION

Grey's generic pleading containing insufficient generalized grievances prove insufficient to establish standing. Grey fails to demonstrate that he possesses a personal stake in the outcome of the matter to establish standing to bestow this Court with subject matter jurisdiction. The Court does not need to

rule on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) given

its conclusion that this Court lacks subject matter jurisdiction.

## ORDER

Accordingly, **IT IS ORDERED** that Defendant ES&S's Motion to Dismiss

Plaintiff's Amended Complaint (Doc. 34) and Defendant Secretary Jacobsen's

Motion to Dismiss Plaintiff's Amended Complaint (Doc. 41) are **GRANTED**.

Dated the 17th day of October, 2022.

_____
Brian Morris, Chief District Judge
United States District Court